Robert J. Ounjian, SBN 210213
Carpenter & Zuckerman
8827 West Olympic Boulevard
Beverly Hills, California 90211
Telephone: (310) 273-1230; Fax: (310) 858-1063
robert@cz.law

Attorneys for Plaintiffs,
Michael Mack and Estate of Ronald Mack, Sr.

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORINA

| | |
|---|---|
| MICHAEL MACK; and ESTATE OF RONALD MACK, SR.<br><br>          Plaintiffs,<br><br>     vs.<br><br>GOLDEN TECHNOLOGIES, INC.; GOLDEN TECHNOLOGIES; GOLDEN BROTHERS, INC.; RESPIRONICS, INC.; PHILIPS RS NORTH AMERICA, LLC; MICHELLE MACK; RONALD MACK, JR.; and DOES 1 through 20,<br><br>          Defendants. | CASE NO.:<br><br>**PLAINTIFFS' COMPLAINT FOR DAMAGES FOR:**<br><br>1. **Strict Products Liability**<br>2. **Strict Products Liability (Wrongful Death)**<br>3. **Negligence**<br>4. **Negligence (Wrongful Death)**<br>5. **Negligent Recall/Retrofit**<br>6. **Negligent Recall/Retrofit (Wrongful Death)**<br>7. **Negligent Infliction of Emotional Distress**<br>8. **Continuation of Decedent's Causes of Action (Survival Action)**<br><br>**PLAINTIFFS' DEMAND FOR JURY TRIAL** |

Plaintiffs Michael Mack and Estate of Ronald Mack, Sr., under subject matter jurisdiction granted by 28 U.S.C. §§ 1331, 1332, 1346(b), and/or 1367, complain and allege against Defendants Golden Technologies, Inc., Golden

Technologies, Golden Brothers, Inc., Respironics, Inc., and DOES 1 through 20 as follows:

## PARTIES

1.     Plaintiff Michael Mack is a natural person domiciled in the State of California.

2.     Decedent Ronald Mack, Sr. (hereinafter, "Decedent") was born on May 2, 1941, and passed away on June 15, 2024, in Santa Barbara County, California.

3.     Decedent was at all times the loving and devoted father of Plaintiff Michael Mack.

       a.     Pursuant to the operation of *California Code of Civil Procedure* § 377.60, Plaintiff Michael Mack is the heir, successor in interest, and the person lawfully entitled to assert a cause of action for the wrongful death of Decedent.  No other person has any claim, right, or interest in the cause of action for wrongful death of Decedent that is superior to the claim by Plaintiff.

4.     Defendant Golden Technologies, Inc. is a fictitious business name for Defendant Golden Brothers, Inc., which is a corporation domiciled in the Commonwealth of Pennsylvania.

5.     Defendant Golden Technologies is an entity of unknown form which is domiciled in the Commonwealth of Pennsylvania.

6.     Defendant Respironics, Inc. is a fictitious business name for Defendant Philips RS North America, LLC, which is a limited liability company domiciled outside of the State of California.

7.     Michelle Mack and Ronald Mack, Jr. are the daughter and son, respectively, of Decedent Ronald Mack, Sr.

a.   A plaintiff in a wrongful death action has a mandatory duty to join all known omitted heirs in a single action.  (*See Ruttenberg v. Ruttenberg*, 53 Cal.App.4th 801, 808 (1997).)  To accomplish this requirement, a plaintiff may name other heirs as "a defendant so that all heirs are before the court in the same action.  An heir named as a defendant in a wrongful death action is, in reality, a plaintiff."  (*Id.*)

b.   Accordingly, Plaintiff names Michelle Mack and Ronald Mack, Jr. for this purpose.  However, Plaintiff does not seek any damages from Michelle Mack and Ronald Mack, Jr. by this action.  Michelle Mack and Ronald Mack, Jr. are merely formal parties or nominal parties to this action.

c.   Michele Mack and Ronald Mack are natural persons domiciled in state(s) other than Defendants' state(s) of domicile.

8.   The true names and/or capacities, whether individual, corporate, associate or otherwise of the defendants Does 1 through 20, inclusive, and each of them, are unknown to Plaintiff who therefore sues said defendants by such fictitious names.  Plaintiff is informed and believes and thereon alleges that each of these defendants fictitiously named herein as a Doe is legally responsible, negligent, or in some other actionable manner liable for the events and happenings hereinafter referred to, and proximately and legally caused the injuries to plaintiff as hereinafter alleged.  Plaintiff will seek leave of the court to amend this Complaint to insert the true names and/or capacities of such fictitiously-named defendants when the same has been ascertained.  In any place in this Complaint where the term "defendant" or "defendants" – singular or plural and whether or not capitalized – is used it shall include all defendants, including Does 1-20 as if so stated.

9.   Plaintiffs are informed and believe and thereon allege that at all times mentioned herein, defendants, and each of them, including Does 1 through 20,

inclusive, were the agents, servants, employees, and/or joint venturers of their co-defendants, and were, as such, acting within the course, scope, and authority of said agency, employment, and/or venture and that each and every defendant when acting as a principal, was negligent in the selection and hiring of each and every other defendant as an agent, employee and/or joint venture.

## JURISDICTION AND VENUE

10.   The jurisdiction of the court over the subject matter of this action is predicated and based upon, without limitation, 28 U.S.C. §§ 1331, 1332, 1346, and 1367.

11.   Pursuant to 28 U.S.C. § 1391, venue is proper as a substantial part of the events or omissions giving rise to the claim occurred within the jurisdiction of the United States District Court for the Central District of California.

## LOCATION OF INCIDENT

12.   The incident giving rise to this litigation occurred at or near 600 East Clark Avenue, Space 87, Santa Maria, California 93455.

## FACTUAL OVERVIEW

13.   On or about June 10, 2022, Ronald Mack, Sr. parked his scooter beside the residence he shared with Michael Mack and which is located at or near 600 East Clark Avenue, Space 87, Santa Maria, California 93455.  This Complaint shall, at times, use the term "Subject Scooter" to mean this scooter and all of its component parts, including all batteries and electrical components.

14.   At all relevant times, Defendants Golden Technologies, Inc., Golden Technologies, Golden Brothers, Inc., Respironics, Inc., Philips RS North America, LLC, and Does 1 through 20, among others, were engaged in the business of

manufacturing, fabricating, designing, assembling, selling, distributing, inspecting, servicing, repairing, marketing, warranting, leasing, renting, wholesaling, and/or advertising the Subject Scooter, and each component part thereof, which the defendants knew or should have known would be used without inspection for defects in parts, mechanics, or design for use in the State of California and elsewhere.

a.    Plaintiffs are informed and believe the Subject Scooter was Model No. GC440 and bore Serial No. QCZ14N0454.

15.    Ronald Mack, Sr. acquired the Subject Scooter, including all component parts, from Defendants, and others, which distributed, inspected, sold, and/or leased the products.

16.    At approximately 4:34 a.m. on June 10, 2022, the Subject Scooter and its component parts ignited and caught on fire.  The Subject Scooter was, at the time, parked near the residence of Ronald Mack, Sr. and Michael Mack who were sleeping inside.

17.    The fire spread to the residence where it caused severe injuries to Ronald Mack, Sr. and Michael Mack.

a.    Without limitation, Michael Mack suffered TK.  These damages along with Michael Mack's non-economic damages and future economic and non-economic damages exceed $75,000.

b.    Without limitation, Richard Mack, Sr. suffered TK.  These damages along with Ronald Mack's pre-death non-economic damages exceed $75,000.

18.    Ronald Mack, Sr. died of his injuries on June 15, 2022.

19.    The plaintiffs further suffered significant property damage to their residence and personal property which exceeds $75,000.

20.     Plaintiffs' damages exceed the jurisdictional minimum requirements for jurisdiction.

## **FIRST CAUSE OF ACTION**

### **Strict Products Liability**

### **(By All Plaintiffs Against All Defendants, Including Does 1-20)**

21.     Plaintiffs re-allege as though fully set forth at length and incorporate herein by reference, all of the allegations and statements contained in this Complaint.

22.     Defendants Golden Technologies, Inc., Golden Technologies, Golden Brothers, Inc., Respironics, Inc., Philips RS North America, LLC, and Does 1 through 20, among others, knew that the Subject Scooter was to be acquired and used without inspection for defects by users of that vehicle.

23.     The Subject Scooter, and each of its component parts, were manufactured, designed, assembled, packaged, tested, fabricated, analyzed, inspected, merchandised, marketed, distributed, labeled, advertised, promoted, sold, supplied, leased, rented, serviced, repaired, adjusted, and selected by Defendants Golden Technologies, Inc., Golden Technologies, Golden Brothers, Inc., Respironics, Inc., Philips RS North America, LLC, and Does 1 through 20, among others, and contained inherent defects both in design and manufacturing. The defendants knew or should have known of these defects.  The defendants failed to warn of these defects.

24.     These defects and the defendants' failure to warn of them rendered the Subject Scooter to be dangerous, hazardous, and unsafe for both its intended use and for reasonably foreseeable misuses.

25.     The defects of the Subject Scooter included, without limitation:

            a.      Defective and unsafe electrical system;

b.      Defective and unsafe fire retardation systems;

c.      Inadequate, insufficient, improper, and/or lack of any warnings regarding these defects.

26.     The Subject Scooter was unsafe for its intended use and reasonably foreseeable misuses and presented a substantial danger due to the defects in its design, manufacture, and failure to warn at the time of the incident in which Plaintiffs were injured and which ultimately caused Plaintiff Ronald Mack, Sr.'s death.  At the time of the incident, the Subject Scooter was being operated in its intended or reasonably foreseeable manner.

27.     The Subject Scooter did not perform as safely as an ordinary customer, operator, and passenger would have expected it to perform when used and/or misused in an intended and reasonably foreseeable way.

28.     The Subject Scooter and the lack of sufficient instructions or warnings of the defects was a substantial factor in causing Plaintiffs' injuries and the death of Ronald Mack, Sr.

29.     The plaintiffs' injuries were a direct, proximate, and legal result of the negligence, acts, and omissions by the defendants.

30.     As a direct, proximate, and legal cause of the wrongful conduct of Defendants Golden Technologies, Inc., Golden Technologies, Golden Brothers, Inc., Respironics, Inc., Philips RS North America, LLC, and Does 1 through 20, among others, the Plaintiffs have suffered, without limitation:

a.      Past and future medical and healthcare expenses;

b.      Past and future lost earnings and diminution of earning capacity;

c.      Past and future household services;

d.      Past and future incidental expenses; and

e.  Past and future non-economic damages, including: physical pain, mental suffering, loss of enjoyment of life, disfigurement, physical impairment, inconvenience, grief, anxiety, humiliation, and emotional distress.

31.  As a factual and legal result of the aforementioned negligence, Plaintiffs have suffered damages in an amount which exceeds the minimum jurisdictional limits of this court, according to proof at time of trial.

## SECOND CAUSE OF ACTION

### Strict Products Liability (Wrongful Death)

### (By Plaintiff Michael Mack Against All Defendants, Including Does 1-20)

32.  Plaintiff re-alleges as though fully set forth at length and incorporate herein by reference, all of the allegations and statements contained in this Complaint.

33.  As set forth above, Plaintiff Ronald Mack, Sr., the father of Plaintiff Michael Mack, died as a direct result of the negligence and misconduct described in this Complaint.

34.  Defendants Golden Technologies, Inc., Golden Technologies, Golden Brothers, Inc., Respironics, Inc., Philips RS North America, LLC, and Does 1 through 20, among others, knew that the Subject Scooter was to be acquired and used without inspection for defects by users of that vehicle.

35.  The Subject Scooter, and each of its component parts, were manufactured, designed, assembled, packaged, tested, fabricated, analyzed, inspected, merchandised, marketed, distributed, labeled, advertised, promoted, sold, supplied, leased, rented, serviced, repaired, adjusted, and selected by Defendants Golden Technologies, Inc., Golden Technologies, Golden Brothers, Inc., Respironics, Inc., Philips RS North America, LLC, and Does 1 through 20, among others, and contained inherent defects both in design and manufacturing.

The defendants knew or should have known of these defects.  The defendants failed to warn of these defects.

36.     These defects and the defendants' failure to warn of them rendered the Subject Scooter to be dangerous, hazardous, and unsafe for both its intended use and for reasonably foreseeable misuses.

37.     The defects of the Subject Scooter included, without limitation:

    a.      Defective and unsafe electrical system;

    b.      Defective and unsafe fire retardation systems;

    c.      Inadequate, insufficient, improper, and/or lack of any warnings regarding these defects.

38.     The Subject Scooter was unsafe for its intended use and reasonably foreseeable misuses and presented a substantial danger due to the defects in its design, manufacture, and failure to warn at the time of the incident in which Plaintiffs were injured and which ultimately caused Plaintiff Ronald Mack, Sr.'s death.  At the time of the incident, the Subject Scooter was being operated in its intended or reasonably foreseeable manner.

39.     The Subject Scooter did not perform as safely as an ordinary customer, operator, and passenger would have expected it to perform when used and/or misused in an intended and reasonably foreseeable way.

40.     The Subject Scooter and the lack of sufficient instructions or warnings of the defects was a substantial factor in causing Plaintiff's injuries and the death of Ronald Mack, Sr.

41.     Prior to his death, Ronald Mack, Sr. was the loving father of Plaintiff Michael Mack.  As a direct, proximate, and legal result of the combined wrongful conduct by Defendants Golden Technologies, Inc., Golden Technologies, Golden Brothers, Inc., Respironics, Inc., Philips RS North America, LLC, and Does 1 through 20, among others, Plaintiff Michael Mack has suffered, without

limitation, the full extent of damages set forth in CACI 3922 and the wrongful death statute and severe emotional distress.

        a.      Such economic damages for Plaintiff Michael Mack includes, without limitation:

              i.      The value of the financial support that Decedent would have contributed to the family during the life expectancy of the Decedent and/or the life expectancy of Plaintiff Michael Mack;

              ii.      The loss of gifts and benefits that Plaintiff Michael Mack could have expected to receive from Decedent;

              iii.      Funeral and burial expenses; and

              iv.      The reasonable value of household services that the Decedent would have provided to Plaintiff Michael Mack.

        b.      Such non-economic damages for Plaintiff Michael Mack includes, without limitation: The loss of Decedent's love, companionship, comfort, care, assistance, protection, affection, society, and moral support.

    42.    As a factual and legal result of the aforementioned negligence, Plaintiff Michael Mack has suffered damages in an amount which exceeds the minimum jurisdictional limits of this court, according to proof at time of trial.

## **THIRD CAUSE OF ACTION**

### **Negligence**

### **(By All Plaintiffs Against All Defendants, Including Does 1-20)**

    43.    Plaintiffs re-allege as though fully set forth at length and incorporate herein by reference, all of the allegations and statements contained in this Complaint.

    44.    Defendants Golden Technologies, Inc., Golden Technologies, Golden Brothers, Inc., Respironics, Inc., Philips RS North America, LLC, and Does 1

through 20, among others, knew that the Subject Scooter was to be acquired and used without inspection for defects by users of that vehicle.

45.     The Subject Scooter, and each of its component parts, were manufactured, designed, assembled, packaged, tested, fabricated, analyzed, inspected, merchandised, marketed, distributed, labeled, advertised, promoted, sold, supplied, leased, rented, serviced, repaired, adjusted, and selected by Defendants Golden Technologies, Inc., Golden Technologies, Golden Brothers, Inc., Respironics, Inc., Philips RS North America, LLC, and Does 1 through 20, among others, and contained inherent defects both in design and manufacturing. The defendants knew or should have known of these defects.  The defendants failed to warn of these defects.

46.     These defects and the defendants' failure to warn of them rendered the Subject Scooter to be dangerous, hazardous, and unsafe for both its intended use and for reasonably foreseeable misuses.

47.     The defects of the Subject Scooter included, without limitation:

         a.     Defective and unsafe electrical system;

         b.     Defective and unsafe fire retardation systems;

         c.     Inadequate, insufficient, improper, and/or lack of any warnings regarding these defects.

48.     The Subject Scooter was unsafe for its intended use and reasonably foreseeable misuses and presented a substantial danger due to the defects in its design, manufacture, and failure to warn at the time of the incident in which Plaintiffs were injured and which ultimately caused Plaintiff Ronald Mack, Sr.'s death.  At the time of the incident, the Subject Scooter was being operated in its intended or reasonably foreseeable manner.

49.  The Subject Scooter did not perform as safely as an ordinary customer, operator, and passenger would have expected it to perform when used and/or misused in an intended and reasonably foreseeable way.

50.  The Subject Scooter and the lack of sufficient instructions or warnings of the defects was a substantial factor in causing Plaintiffs' injuries and the death of Ronald Mack, Sr.

51.  The plaintiffs' injuries were a direct, proximate, and legal result of the negligence, acts, and omissions by the defendants.

52.  As a direct, proximate, and legal cause of the wrongful conduct of Defendants Golden Technologies, Inc., Golden Technologies, Golden Brothers, Inc., Respironics, Inc., Philips RS North America, LLC, and Does 1 through 20, among others, the Plaintiffs have suffered, without limitation:

a.  Past and future medical and healthcare expenses;

b.  Past and future lost earnings and diminution of earning capacity;

c.  Past and future household services;

d.  Past and future incidental expenses; and

e.  Past and future non-economic damages, including: physical pain, mental suffering, loss of enjoyment of life, disfigurement, physical impairment, inconvenience, grief, anxiety, humiliation, and emotional distress.

53.  As a factual and legal result of the aforementioned negligence, Plaintiffs have suffered damages in an amount which exceeds the minimum jurisdictional limits of this court, according to proof at time of trial.

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

## **FOURTH CAUSE OF ACTION**

### **Negligence (Wrongful Death)**

### **(By Plaintiff Michael Mack Against All Defendants, Including Does 1-20)**

54.    Plaintiff re-alleges as though fully set forth at length and incorporate herein by reference, all of the allegations and statements contained in this Complaint.

55.    As set forth above, Plaintiff Ronald Mack, Sr., the father of Plaintiff Michael Mack, died as a direct result of the negligence and misconduct described in this Complaint.

56.    Defendants Golden Technologies, Inc., Golden Technologies, Golden Brothers, Inc., Respironics, Inc., Philips RS North America, LLC, and Does 1 through 20, among others, knew that the Subject Scooter was to be acquired and used without inspection for defects by users of that vehicle.

57.    The Subject Scooter, and each of its component parts, were manufactured, designed, assembled, packaged, tested, fabricated, analyzed, inspected, merchandised, marketed, distributed, labeled, advertised, promoted, sold, supplied, leased, rented, serviced, repaired, adjusted, and selected by Defendants Golden Technologies, Inc., Golden Technologies, Golden Brothers, Inc., Respironics, Inc., Philips RS North America, LLC, and Does 1 through 20, among others, and contained inherent defects both in design and manufacturing. The defendants knew or should have known of these defects.  The defendants failed to warn of these defects.

58.    These defects and the defendants' failure to warn of them rendered the Subject Scooter to be dangerous, hazardous, and unsafe for both its intended use and for reasonably foreseeable misuses.

59.    The defects of the Subject Scooter included, without limitation:

a.    Defective and unsafe electrical system;

b.    Defective and unsafe fire retardation systems;

c.    Inadequate, insufficient, improper, and/or lack of any warnings regarding these defects.

60.    The Subject Scooter was unsafe for its intended use and reasonably foreseeable misuses and presented a substantial danger due to the defects in its design, manufacture, and failure to warn at the time of the incident in which Plaintiffs were injured and which ultimately caused Plaintiff Ronald Mack, Sr.'s death.  At the time of the incident, the Subject Scooter was being operated in its intended or reasonably foreseeable manner.

61.    The Subject Scooter did not perform as safely as an ordinary customer, operator, and passenger would have expected it to perform when used and/or misused in an intended and reasonably foreseeable way.

62.    The Subject Scooter and the lack of sufficient instructions or warnings of the defects was a substantial factor in causing Plaintiff's injuries and the death of Ronald Mack, Sr.

63.    Prior to his death, Ronald Mack, Sr. was the loving father of Plaintiff Michael Mack.  As a direct, proximate, and legal result of the combined wrongful conduct by Defendants Golden Technologies, Inc., Golden Technologies, Golden Brothers, Inc., Respironics, Inc., Philips RS North America, LLC, and Does 1 through 20, among others, Plaintiff Michael Mack has suffered, without limitation, the full extent of damages set forth in CACI 3922 and the wrongful death statute and severe emotional distress.

a.    Such economic damages for Plaintiff Michael Mack includes, without limitation:

i.    The value of the financial support that Decedent would have contributed to the family during the life expectancy of the Decedent and/or the life expectancy of Plaintiff Michael Mack;

ii.      The loss of gifts and benefits that Plaintiff Michael Mack could have expected to receive from Decedent;

iii.      Funeral and burial expenses; and

iv.      The reasonable value of household services that the Decedent would have provided to Plaintiff Michael Mack.

b.      Such non-economic damages for Plaintiff Michael Mack includes, without limitation: The loss of Decedent's love, companionship, comfort, care, assistance, protection, affection, society, and moral support.

64.      As a factual and legal result of the aforementioned negligence, Plaintiff Michael Mack has suffered damages in an amount which exceeds the minimum jurisdictional limits of this court, according to proof at time of trial.

## FIFTH CAUSE OF ACTION

### Negligent Recall/Retrofit

### (By All Plaintiffs Against All Defendants, Including Does 1-20)

65.      Plaintiffs re-allege as though fully set forth at length and incorporate herein by reference, all of the allegations and statements contained in this Complaint.

66.      Defendants Golden Technologies, Inc., Golden Technologies, Golden Brothers, Inc., Respironics, Inc., Philips RS North America, LLC, and Does 1 through 20, among others, knew that the Subject Scooter was to be acquired and used without inspection for defects by users of that vehicle.

67.      The Subject Scooter, and each of its component parts, were manufactured, designed, assembled, packaged, tested, fabricated, analyzed, inspected, merchandised, marketed, distributed, labeled, advertised, promoted, sold, supplied, leased, rented, serviced, repaired, adjusted, and selected by Defendants Golden Technologies, Inc., Golden Technologies, Golden Brothers,

Inc., Respironics, Inc., Philips RS North America, LLC, and Does 1 through 20, among others, and contained inherent defects both in design and manufacturing. The defendants knew or should have known of these defects.  The defendants failed to warn of these defects.

68.     These defects and the defendants' failure to warn of them rendered the Subject Scooter to be dangerous, hazardous, and unsafe for both its intended use and for reasonably foreseeable misuses.

69.     The defects of the Subject Scooter included, without limitation:

        a.     Defective and unsafe electrical system;

        b.     Defective and unsafe fire retardation systems;

        c.     Inadequate, insufficient, improper, and/or lack of any warnings regarding these defects.

70.     Defendants failed to recall and/or retrofit or warn of the danger of the Subject Scooter.

71.     A reasonable manufacturer, distributor, installer, maintainer, servicer, seller, lessor, or entity in the capacity of Defendants, under the same or similar circumstances would have recalled and/or retrofitted the Subject Scooter.

72.     The Subject Scooter was unsafe for its intended use and reasonably foreseeable misuses and presented a substantial danger due to the defects in its design, manufacture, and failure to warn at the time of the incident in which Plaintiffs were injured and which ultimately caused Plaintiff Ronald Mack, Sr.'s death.  At the time of the incident, the Subject Scooter was being operated in its intended or reasonably foreseeable manner.

73.     The Subject Scooter did not perform as safely as an ordinary customer, operator, and passenger would have expected it to perform when used and/or misused in an intended and reasonably foreseeable way.

74.    The Subject Scooter and the failure to recall and/or retrofit it was a substantial factor in causing Plaintiff's injuries and the death of Ronald Mack, Sr.

75.    The plaintiffs' injuries were a direct, proximate, and legal result of the negligence, acts, and omissions by the defendants.

76.    As a direct, proximate, and legal cause of the wrongful conduct of Defendants Golden Technologies, Inc., Golden Technologies, Golden Brothers, Inc., Respironics, Inc., Philips RS North America, LLC, and Does 1 through 20, among others, the Plaintiffs have suffered, without limitation:

> a.    Past and future medical and healthcare expenses;
>
> b.    Past and future lost earnings and diminution of earning capacity;
>
> c.    Past and future household services;
>
> d.    Past and future incidental expenses; and
>
> e.    Past and future non-economic damages, including: physical pain, mental suffering, loss of enjoyment of life, disfigurement, physical impairment, inconvenience, grief, anxiety, humiliation, and emotional distress.

77.    As a factual and legal result of the aforementioned negligence, Plaintiffs have suffered damages in an amount which exceeds the minimum jurisdictional limits of this court, according to proof at time of trial.

## SIXTH CAUSE OF ACTION

### Negligent Recall/Retrofit (Wrongful Death)

### (By Plaintiff Michael Mack Against All Defendants, Including Does 1-20)

78.    Plaintiff re-alleges as though fully set forth at length and incorporate herein by reference, all of the allegations and statements contained in this Complaint.

79.   As set forth above, Plaintiff Ronald Mack, Sr., the father of Plaintiff Michael Mack, died as a direct result of the negligence and misconduct described in this Complaint.

80.   Defendants Golden Technologies, Inc., Golden Technologies, Golden Brothers, Inc., Respironics, Inc., Philips RS North America, LLC, and Does 1 through 20, among others, knew that the Subject Scooter was to be acquired and used without inspection for defects by users of that vehicle.

81.   The Subject Scooter, and each of its component parts, were manufactured, designed, assembled, packaged, tested, fabricated, analyzed, inspected, merchandised, marketed, distributed, labeled, advertised, promoted, sold, supplied, leased, rented, serviced, repaired, adjusted, and selected by Defendants Golden Technologies, Inc., Golden Technologies, Golden Brothers, Inc., Respironics, Inc., Philips RS North America, LLC, and Does 1 through 20, among others, and contained inherent defects both in design and manufacturing. The defendants knew or should have known of these defects.  The defendants failed to warn of these defects.

82.   These defects and the defendants' failure to warn of them rendered the Subject Scooter to be dangerous, hazardous, and unsafe for both its intended use and for reasonably foreseeable misuses.

83.   The defects of the Subject Scooter included, without limitation:

      a.   Defective and unsafe electrical system;

      b.   Defective and unsafe fire retardation systems;

      c.   Inadequate, insufficient, improper, and/or lack of any warnings regarding these defects.

84.   Defendants failed to recall and/or retrofit or warn of the danger of the Subject Scooter.

85.     A reasonable manufacturer, distributor, installer, maintainer, servicer, seller, lessor, or entity in the capacity of Defendants, under the same or similar circumstances would have recalled and/or retrofitted the Subject Scooter.

86.     The Subject Scooter was unsafe for its intended use and reasonably foreseeable misuses and presented a substantial danger due to the defects in its design, manufacture, and failure to warn at the time of the incident in which Plaintiffs were injured and which ultimately caused Plaintiff Ronald Mack, Sr.'s death.  At the time of the incident, the Subject Scooter was being operated in its intended or reasonably foreseeable manner.

87.     The Subject Scooter did not perform as safely as an ordinary customer, operator, and passenger would have expected it to perform when used and/or misused in an intended and reasonably foreseeable way.

88.     The Subject Scooter and the failure to recall and/or retrofit it was a substantial factor in causing Plaintiff's injuries and the death of Ronald Mack, Sr.

89.     Prior to his death, Ronald Mack, Sr. was the loving father of Plaintiff Michael Mack.  As a direct, proximate, and legal result of the combined wrongful conduct by Defendants Golden Technologies, Inc., Golden Technologies, Golden Brothers, Inc., Respironics, Inc., Philips RS North America, LLC, and Does 1 through 20, among others, Plaintiff Michael Mack has suffered, without limitation, the full extent of damages set forth in CACI 3922 and the wrongful death statute and severe emotional distress.

         a.     Such economic damages for Plaintiff Michael Mack includes, without limitation:

                i.     The value of the financial support that Decedent would have contributed to the family during the life expectancy of the Decedent and/or the life expectancy of Plaintiff Michael Mack;

**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

ii.      The loss of gifts and benefits that Plaintiff Michael Mack could have expected to receive from Decedent;

iii.      Funeral and burial expenses; and

iv.      The reasonable value of household services that the Decedent would have provided to Plaintiff Michael Mack.

b.      Such non-economic damages for Plaintiff Michael Mack includes, without limitation: The loss of Decedent's love, companionship, comfort, care, assistance, protection, affection, society, and moral support.

90.      As a factual and legal result of the aforementioned negligence, Plaintiff Michael Mack has suffered damages in an amount which exceeds the minimum jurisdictional limits of this court, according to proof at time of trial.

## SEVENTH CAUSE OF ACTION

### Negligent Infliction Of Emotional Distress

### (By All Plaintiffs Against All Defendants, Including Does 1-20)

91.      Plaintiffs re-allege as though fully set forth at length and incorporate herein by reference, all of the allegations and statements contained within this Complaint.

92.      As set forth above, Defendants were negligent and are otherwise liable for the injuries and damages caused to Michael Mack and Ronald Mack, Sr., as well as exacerbating their prior injuries, and causing the death of Ronald Mack, Sr.  The defendants' conduct was a substantial factor in causing Plaintiffs' harm.

93.      Michael Mack and Ronald Mack, Sr. were both present at the scene and at the time when the defendants' negligence and other misconduct occurred and caused injury to the other.

94.     At or around the same time as the incidents were occurring, Michael Mack and Ronald Mack, Sr. were aware that the incident was causing injury to the other.

95.     Michael Mack and Ronald Mack, Sr. suffered serious emotional distress, including, without limitation, anguish, fright, horror, nervousness, grief, anxiety, worry, shock, humiliation, and shame above and beyond their own injuries as a result of perceiving their family member being injured.

96.     The plaintiffs' injuries were a direct, proximate, and legal result of the negligence, acts, and omissions by the defendants.

97.     As a direct, proximate, and legal cause of the wrongful conduct of Defendants, the Plaintiffs have suffered, without limitation:

a.      Past and future medical and healthcare expenses;

b.      Past and future lost earnings and diminution of earning capacity;

c.      Past and future household services;

d.      Past and future incidental expenses; and

e.      Past and future non-economic damages, including: physical pain, mental suffering, loss of enjoyment of life, disfigurement, physical impairment, inconvenience, grief, anxiety, humiliation, and emotional distress.

98.     As a factual and legal result of the aforementioned negligence, Plaintiffs have suffered damages in an amount which exceeds the minimum jurisdictional limits of this court, according to proof at time of trial.

# EIGTH CAUSE OF ACTION

## Survival Action

### (By All Plaintiff Estate Of Ronald Mack, Sr., Including Does 1-20)

99.   Plaintiff re-alleges as though fully set forth at length and incorporate herein by reference, all of the allegations and statements contained within this Complaint.

100.   As set forth above, Ronald Mark, Sr. died of the injuries caused by the incident described above.

101.   Prior to his death, Ronald Mark, Sr. had valuable claims and causes of action against all defendants herein, which Ronald Mark, Sr. would have asserted had he lived.

102.   Plaintiff Michael Mack was Ronald Mark, Sr.'s devoted son. Plaintiff Michael Mack has been or will be appointed administrator of the Estate of Ronald Mack, Sr.  Pursuant to operation of Code of Civil Procedure § 377.10, without limitation, the administrator lawfully succeeds to the causes of action held by Decedent at the time of his death and/or is authorized to so act by his successors.

103.   One or more of the plaintiffs is or will be the personal representative and successor in interest of Ronald Mack, Sr. as defined in Code of Civil Procedure § 377.11.

104.   As a proximate and legal result of the combined and concurrent wrongful and negligent conduct of Defendants, the Estate of Ronald Mack, Sr. has sustained pecuniary damages which include, but are not limited to, medical and incidental expenses.  The Estate of Ronald Mack, Sr. has further suffered loss of valuable tangible items of personal property as well as funeral, burial, and incidental expenses which were paid on behalf of Decedent.

104.    As a proximate and legal result of the combined and concurrent wrongful and negligent conduct of all the defendants, including Does 1 through 20, the Estate of Ronald Mack, Sr. has sustained non-economic damages which include all of the damages permitted by Code of Civil Procedure § 377.34, including subdivision (b), as amended by Stats.2021, c. 448 (S.B.447), § 1, eff. Jan. 1, 2022, including Decedent's pain, suffering, and disfigurement.

## PRAYER

Plaintiffs pray for judgment against the Defendants, and each of them, as follows:

1.    General damages, as established at the time of trial;

2.    Special damages, as established at the time of trial;

3.    Prejudgment interest, as allowed by law, according to proof;

4.    Costs of suit; and

5.    Such other relief as the court deems in the interests of justice.

Dated: June 3, 2024                    CARPENTER & ZUCKERMAN

*Robert J. Ounjian*

_____
Robert J. Ounjian
Counsel for Plaintiffs

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

# DEMAND FOR JURY TRIAL

Plaintiffs Michael Mack and Estate of Ronald Mack, Sr hereby demand a trial by jury on all causes of action.

Dated: June 3, 2024                                        CARPENTER & ZUCKERMAN

*Robert J. Ounjian*

_____

Robert J. Ounjian
Counsel for Plaintiffs